MICHAEL JAY GREEN & ASSOCIATES, INC.
MICHAEL JAY GREEN          4451
841 Bishop Street, Suite 2201
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336
Fax:              (808) 566-0347
Email: michael@michaeljaygreen.com

Attorney for Defendant
LAURA M. SEXTON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CASE NO. CR25-00101 SASP |
|---|---|---|
| Plaintiff, | ) ) ) | **DEFENDANT LAURA M. SEXTON'S FIRST WRITTEN REQUEST FOR DISCOVERY OF MATERIALS AND INFORMATION PURSUANT TO RULES 12(d)(2), 12.1(b), 16(a), AND 26.2 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, 18 U.S.C. §3500, BRADY V. MARYLAND, AND RULE 345-1(a) OF THE RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII; CERTIFICATE OF SERVICE** |
| vs. | ) ) | |
| LAURA M. SEXTON, | ) ) | |
| Defendant. | ) ) ) ) ) ) ) ) ) ) ) | |

**DEFENDANT LAURA M. SEXTON'S FIRST WRITTEN REQUEST FOR DISCOVERY OF MATERIALS AND INFORMATION PURSUANT TO RULES 12(d)(2), 12.1(b), 16(a), AND 26.2 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, 18 U.S.C. §3500, BRADY V. MARYLAND, AND RULE 345-1(a) OF THE RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII**

TO:  THOMAS C. MUEHLECK
     ASSISTANT UNITED STATES ATTORNEY
     District of Hawaii
     Room 6100 PJKK Federal Bldg.
     300 Ala Moana Blvd.
     Honolulu, Hawaii  96850

COMES NOW, the Defendant(s) above named by and through his/her/their undersigned counsel and hereby request(s) the Office of the United States Attorney (District of Hawaii) to supply the undersigned counsel, and otherwise make available to him/her/them the materials and information as hereinafter set forth as soon as practicable, but not to exceed a period of ten (10) days from the date of this request:

1. Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, Defendant requests the government to serve upon defendant's counsel notice of the government's intention to use any evidence which defendant is entitled to discover pursuant to Rule 16 of the Federal Rules of Criminal Procedure;

2. Pursuant to Rule 12.1(b) of the Federal Rules of Criminal Procedure, defendant requests the government to serve upon defendant's counsel a written

2

notice stating the names and addresses of the witnesses upon whom the government intends to rely upon to establish defendant's presence at the scene of the alleged offenses and any other witnesses to be relied upon to rebut testimony of any of defendant's alibi witnesses;

    3.    Pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure defendant requests the government to allow his counsel to inspect, copy or photograph the following material and/or information:

    (I)    Any relevant written or recorded statement(s) made by Defendant, or copies thereof which are within the possession, custody or control of the government. This request includes, but is not limited to, the statement(s) made by defendant which are known or by due diligence may become known to the government;

    (ii)    The portion of any written record containing the substance of any oral statement(s) made by defendant, whether before or after defendant's arrest, in response to interrogation by any person then known by defendant to be a government agent;

    (iii)    Any recorded testimony by defendant before a grand jury which relates to the charged offense(s);

    (iv)    The substance of any other oral statement(s) made by defendant, whether before or after defendant's arrest, in response to interrogation

3

by any person then known by defendant to be a government agent if the government intends to use the oral statement(s) at trial;

(v) The substance of any written or recorded statement(s) made by the defendant or any co-defendant, together with names and last known addresses of persons who witnessed the making of such statement(s);

(vi) A copy of Defendant's prior criminal record that is within the government's possession, custody or control. This request includes, but is not limited to defendant's prior criminal record which is known or by due diligence may become known to the government;

(vii) Any books, papers, documents, photographs, tangible objects, buildings, places, copies or portions thereof which are within the possession, custody or control of the government, which are material to the preparation of defendant's defense, are intended for use by the government at trial or were obtained from or belong to defendant;

(viii) Any results or reports of physical or mental examinations, and/or scientific tests or experiments, or copies thereof, which are in the possession, custody, or control of the government. This request includes, but is not limited to, tests or experiments which are known or by due diligence may

4

become known to the government. This request also includes, but is not limited to, those tests or experiments which are material to the preparation of defendant's defense or which are intended for use by the government at trial;

      (ix)   Any results or reports of any electronic surveillance (including wiretapping) or conversations(s) to which defendant was a party which are in the possession, custody or control of the government. This request includes, but is not limited to, electronic surveillance which is known or by due diligence may become known to the government; and

      (x)   The identity of any informant(s) involved in this matter including, but not limited to, the name, current address and current telephone number of the informant(s). The government is also requested to indicate whether the informant(s) will be called as a witness at the trial. If the informant(s) are to be called as a witness at trial, the government is also requested to produce the substance of any oral or written statement(s) made by the informant(s);

    4.   Pursuant to Rule 26.2 of the <u>Federal Rules of Criminal Procedure</u>, defendant requests the government to allow her counsel to inspect, copy, photograph any statement of any witness that testifies on direct examination on behalf of the government. This request includes, but it not limited to, any statement which is known or by due diligence may become known to the government.

5.    Pursuant to 18 U.S.C. §3500, defendant requests the government to allow his counsel to inspect, copy or photograph any statement or report in the possession of the government which was made by any government witness or any prospective government witness. This request includes, but it not limited to, any statement which is known or by due diligence may become known to the government;

6.    Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, defendant requests the government to disclose to her counsel all evidence favorable to defendant which is material either to guilt or punishment, and therefore allow defendant's counsel to pursue any important, necessary, and/or independent investigations as well as to formulate defenses and trial strategies. This request includes, but is not limited to the following:

  (I)    Any witness' prior criminal record;

  (ii)   Any witness' statement(s) which are favorable to defendant;

  (iii)  The existence of witnesses favorable to defendant;

  (iv)  Psychiatric reports showing defendant's legal insanity;

  (v)   Specific evidence which detracts from the credibility or probative value of testimony or evidence used by the government;

  (vi)  Promises of immunity to any government witness;

  (vii) Prior contrary statements of any government witness;

(viii) Any classified documents in the possession, custody or control of the government which are relevant to defendant's defense; and

(ix) Any other evidence which would tend to exculpate defendant.

This request also includes, but is not limited to, any of the above referenced information which is known or by due diligence may become known to the government.

7. Pursuant to Rule 345-1(a) of the <u>Rules of the United States District Court For The District of Hawaii</u>, defendant requests the government to allow her counsel to inspect, copy, or photograph the following information:

(I) Photographs used in any photographic lineup, showup, photo spread or any other identification proceeding or if no such photographs can be produced, the government shall notify defendant's counsel whether any such identification proceeding has taken place and the results of the identification proceeding;

(ii) Any search warrants supporting affidavits which resulted in the seizure of evidence which is intended for use by the government as evidence or which was obtained from or belongs to defendant;

(iii) Whether defendant was the subject of any electronic eavesdrop, wiretap, or any other interception of wire or oral interception as defined by 18 U.S.C. §2510, <u>et seq.</u>, in the course of the investigation of the case;

7

This request also includes, but is not limited to, any of the above requested information which is known or by due diligence may become known to the government;

8. Pursuant to Brady v. Maryland, 373 U.S. 83, 87, (1963); United States v. Howard, 894 F.2d 1085 (9th Cir. 1990); and United States v. Amperosa, 728 F.2d 1479 (D. Haw. 1990), defendant also requests that the government provide and/or disclose to defendant's counsel the sentencing guideline information and point tabulation which the government contends applies to defendant which should include, but is not limited to the following:

(I) The offense guideline or guidelines which the government represents is applicable to the charge against defendant;

(ii) The base level the government represents is applicable to the charges against defendant, including a showing of the method by which the government represents the charges should or should not be grouped;

(iii) Any aggravating specific offense characteristics the government intends to seek as applicable to the charges against defendant;

(iv) Any adjustments regarding the victim, role, obstruction, or acceptance of responsibility which the government believes are applicable to the case;

(v) Whether the government intends to take the position that the career offender or criminal livelihood provisions apply to defendant in this case;

8

  (vi) The ground, if any, upon which the government will argue for an upward departure form the applicable guideline range, including but not limited to any argument regarding the adequacy of the criminal history category; and,

  (vii) The existence of any facts, information or other evidence that could give rise to an argument for a downward departure form the applicable guideline range;

9. Defendant also requests that the government provide and/or otherwise disclose to her counsel any and all material or information which tends to negate defendant's guilt as to the offense charged or would ten to reduce his punishment therefor.

If, prior to or during trial, the government discovers additional evidence or material previously requested herein, the government shall promptly notify defendant's counsel of the existence of the additional evidence or material.

DATED: Honolulu, Hawaii October 17, 2025.

          /s/ Michael Jay Green
          MICHAEL JAY GREEN

          Attorney for Defendant
          LAURA M. SEXTON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy that the foregoing document will be duly served upon the following party(ies) on October 17, 2025.

                                              CM/ECF    Hand Delivery

THOMAS C. MUEHLECK          XX
Assistant U.S. Attorney
6100 PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96813

DATED:  Honolulu, Hawaii, October 17, 2025.

                                          /s/ Michael Jay Green
                                          MICHAEL JAY GREEN

                                          Attorney for Defendant
                                          LAURA M. SEXTON